UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSTOF WOLINSKI,<br><br>     Plaintiff,<br><br>v.<br><br>JENNIFER P. SHAFFER, et al.,<br><br>     Defendants. | No. 2:14-cv-2492-MCE-EFB P<br><br><u>ORDER GRANTING IFP AND RECOMMENDING DISMISSAL PURSUANT TO 28 U.S.C. § 1915A</u> |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, he seeks leave to proceed in forma pauperis.

**I.    Request to Proceed In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

1  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
2  relief." *Id.* § 1915A(b).

3        A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
4  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
5  plain statement of the claim showing that the pleader is entitled to relief, in order to give the
6  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
7  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
8  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
9  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
10 U.S. 662, 679 (2009).

11       To avoid dismissal for failure to state a claim a complaint must contain more than "naked
12 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
13 action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
14 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
15 678.

16       Furthermore, a claim upon which the court can grant relief must have facial plausibility.
17 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
18 content that allows the court to draw the reasonable inference that the defendant is liable for the
19 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
20 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
21 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
22 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

23 **III.     Screening Order**

24       As explained below, plaintiff's allegations fail to state a cognizable claim and must be
25 dismissed without leave to amend.  The complaint names as defendants Governor Brown and
26 Jennifer Shaffer, the Executive Officer at the International Prison Transfer Program.  Plaintiff
27 claims that he should be transferred to a prison in Poland because (1) he has no family in this
28 country, (2) it would not pose a threat to the public, (3) it would be consistent with orders to

reduce the prison population, (4) it would be consistent with a treaty between the United States of America and Austria, (5) he would be allowed to work, and (6) he would obtain excellent medical care. He requests that defendants issue an order granting him an international transfer to a Polish prison. It is plain from the complaint that plaintiff's requested relief is based on his preference to be in Poland, and not based on any violation of a federal constitutional or statutory right.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the alleged rights deprivation, as there is no respondeat superior liability under section 1983. *Id.* Plaintiff does not allege any facts to show how or which of his federal rights were violated by either of the named defendants. Moreover, the existence of court orders to reduce prison overcrowding does not give rise to a claim, as overcrowding, by itself, is not a constitutional violation. *Doty v. County of Lassen*, 37 F.3d 540, 545 n.1 (9th Cir. 1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1249 (9th Cir. 1982).

Moreover, plaintiff's contention that his continued custody violates an international treaty sounds in habeas. *See* 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the constitution or laws or treaties of the United States."). And where, as here, a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Skinner v. Switzer*, 562 U.S. 521 (2011); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Accordingly, this action must be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to

1  amend the pleading was made, unless it determines that the pleading could not be cured by the
2  allegation of other facts.").

3  Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma
4  pauperis (ECF No. 2) is granted.  Plaintiff shall pay the statutory filing fee of $350.  All payments
5  shall be collected in accordance with the notice to the Director of the California Department of
6  Corrections and Rehabilitation filed concurrently herewith.

7  Further, IT IS HEREBY RECOMMENDED that the complaint (ECF No. 1) be dismissed
8  for failure to state a claim upon which relief may be granted and that the Clerk be directed to
9  terminate all outstanding motions and close the case.

10  These findings and recommendations are submitted to the United States District Judge
11  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
12  after being served with these findings and recommendations, any party may file written
13  objections with the court and serve a copy on all parties.  Such a document should be captioned
14  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
15  objections shall be served and filed within fourteen days after service of the objections.  The
16  parties are advised that failure to file objections within the specified time may waive the right to
17  appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*
18  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

19  DATED:  April 29, 2015.

                                    _____
                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE

4