UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF WOLINSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>JENNIFER P. SHAFFER, et al.,<br><br>    Defendants. | No. 2:14-cv-2492-MCE-EFB P<br><br>**ORDER** |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On August 12, 2015, the Court dismissed this action. ECF No. 17. Judgment was duly entered. ECF No. 18. Plaintiff now moves to "alter or amend judgment" pursuant to Federal Rule of Civil Procedure 59(e), which the Court construes as a motion for reconsideration. ECF No. 21.

Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. AC&S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Courts construing Rule 59(e) have

noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.

In addition, Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4).

In his Motion, Plaintiff argues that he is entitled to relief due his inability to obtain writing supplies from the legal library. Plaintiff brought this situation to the Court's attention in his first Motion for Extension for Time (ECF No. 13), which requested

1  additional time in which to file his objections to the findings and recommendations issued
2  by the assigned magistrate judge.  That request was granted, as was a subsequent
3  request (ECF No. 15).  In total, Plaintiff had from April 29, 2015 to July 22, 2015 to object
4  to the findings and recommendations.  No objection was received.  On August 12, 2015,
5  the Court issued its Order adopting the findings and recommendations in full.  ECF No.
6  17.  A day after judgment was entered, Plaintiff's third request for an extension was
7  received.  See ECF No. 19.  The fact that Plaintiff was unable to file an objection (or an
8  additional request for an extension) in the long window of time provided by the Court
9  does not entitle Plaintiff to relief from judgment.
10       Plaintiff's Motion fails to demonstrate that he is entitled to relief from judgment.
11  Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 21) is DENIED.
12       IT IS SO ORDERED.
13  Dated:  August 31, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT